GEORGE BUDA, PLAINTIFF AND APPELLEE, v. JOHN DZURETZKO ET AL., DEFENDANTS AND APPELLANTS.

Argued November 4, 1914—Decided February 17, 1915.

1. Where a landlord lets out portions of a building to several tenants, retaining in his possession or control the passageways and stairways for the common use of the tenants and those having occasion to visit them, he is under the responsibility of a general owner of land who holds out an invitation to enter upon and use his property, and is bound to see that reasonable care is exercised to have the passageways and stairways reasonably fit and safe for such use.

2. Evidence "that the heel of plaintiff's shoe caught in a tin covering (originally attached to the wooden step to prevent its wear), which was loose, but was not then noticed by him, causing him to trip and fall down stairs," is not sufficient to justify a finding that the landlord of the premises had been guilty of any want of reasonable care in keeping the stairway safe for use, unless there is also evidence tending to show that the defect causing the fall either (1) had been in fact brought to the previous notice of the landlord, or (2) had existed for such a space of time before the accident as would have afforded a sufficient opportunity to make proper inspection of the stairway and to repair its defects.

On appeal from the District Court of the city of Passaic.

Before Justices TRENCHARD, BERGEN and BLACK.

For the appellants, *Harry H. Weinberger.*

For the appellee, *George H. Dalrymple.*

The opinion of the court was delivered by

TRENCHARD, J.   The defendants were the owners of a building in which there were several apartments, and these were rented out by defendants to different families.   The halls and stairways of the building were used in common by the several tenants.   The plaintiff, who had been visiting one of the defendants' tenants, while descending one of the stairways,

fell and sustained personal injuries. This action was brought to recover compensation therefor from the landlords, and resulted in a judgment for the plaintiff.

The sole question now presented is this: Was it open to the judge, sitting without a jury, to find that the defendants were negligent?

We think that question must be answered in the negative.

It is not contended that there was any evidence of negligence in the original construction of the stairway or the covering thereof. If negligence is to be found at all, it must arise from facts found by the trial judge as follows: "The heel of the plaintiff's shoe caught in a tin covering (originally attached to the wooden stair to prevent its wear) which was loose, but was not then noticed by him, causing him to trip and fall down stairs."

But these facts alone are not sufficient to charge the defendants with negligence.

Of course, where a landlord lets out portions of a building to several tenants, retaining in his own possession or control the passageways and stairways for the common use of the tenants and those having occasion to visit them, he is under the responsibility of a general owner of land who holds out an invitation to enter upon and use his property, and is bound to see that reasonable care is exercised to have the passageways and stairways reasonably fit and safe for such use. *Siggins* v. *McGill,* 72 *N. J. L.* 263.

But evidence "that the heel of the plaintiff's shoe caught in a tin covering (originally attached to the wooden step to prevent its wear) which was loose, but was not then noticed by him, causing him to trip and fall down stairs," is not sufficient to justify a finding that the landlord of the premises had been guilty of any want of reasonable care in keeping the stairway safe for use, unless there is also evidence tending to show that the defect causing the fall either (1) had been in fact brought to the previous notice of the landlord, or (2) had existed for such a space of time before the accident as would have afforded the landlord sufficient opportunity to make

proper inspection of the stairway, and to repair its defects.
*Schnatterer* v. *Bamberger & Co.,* 81 *N. J. L.* 558. In this
cause there is no such evidence. There is nothing to show
how long the defendants had owned the property. There is
nothing to indicate that the defendants had any notice of
the defect, and no evidence as to how long the defect had
existed. For aught that appears to the contrary, it may
readily be that the act of the plaintiff in putting his weight
upon the tin covering was the force which first loosened the
covering.

The judgment will be reversed and a new trial awarded.